PARIENTE, J.,
concurring in result.
I would not deny retroactive application of Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, No. 16-998, 2017 WL 635999 (U.S. May 22, 2017), to Zack, but because I am bound by this Court’s precedent from Asay v. State, 210 So.3d 1 (Fla. 2016), I concur in result with the majority’s rejection of Zack’s Hurst claim. I do concur, however, in the majority’s rejection of Zack’s intellectual disability claim and write separately to emphasize that Zaek’s range of IQ scores do not approach “the test’s acknowledged and inherent margin of error.” Hall v. Florida, — U.S. -, 134 S.Ct. 1986, 2001, 188 L.Ed.2d 1007 (2014). As the majority explained, “[t]he record demonstrates five I.Q. scores for Zack: a score of 92 in 1980 when Zack was 11 years old, and four scores after Zack turned 18—84 and 86 in 1997 at 27 years of age, 79 in 2002, and 80 in 2015.” Majority op. at 47. Thus, because Zack’s lowest I.Q. scores do not fall within the test’s margin of error, it is unnecessary to conduct a “conjunctive and interrelated” assessment of Zack’s evidence of intellectual disability as required by Hall. Cf. Walls v. State, 213 So.3d 340, 346 (Fla. 2016); Oats v. State, 181 So.3d 457, 467 (Fla. 2015).